IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.10-00274-01-CR-W-GAF |
| | ) | |
| LAKE ROAD WAREHOUSE CO., | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Beth Phillips, United States Attorney, and Roseann A. Ketchmark, Assistant United States Attorney, and the defendant, Lake Road Warehouse Co., ("the defendant"), represented by Mark Thornhill. George Hayward is a shareholder and President of Lake Road Warehouse Co., and he is authorized to enter into this agreement on behalf of the defendant.

The defendant understands and agrees that this plea agreement is only between the defendant and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the information charging the defendant with a violation of 42 U.S.C. § 6928(d)(2)(A), that is, knowingly treating, storing, or disposing of hazardous waste without a permit. By entering into this plea

agreement, the defendant admits that it knowingly committed this offense, and is in fact guilty of this offense.

    **3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

    The defendant, Lake Road Warehouse Co., is in the business of selling chemicals in bulk. It has stored large quantities of commercial chemicals for resale to individual customers. Some accumulated chemicals, solvents, and solid materials stored by the defendant in its St. Joseph, Missouri business location, were out-of-date, or in unlabelled containers, or in damaged containers. Because of the conditions in which the chemicals were contained, they were deemed to be "discarded" pursuant to the Resource Conservation and Recovery Act (RCRA) and, therefore, the discarded chemicals were "solid waste" pursuant to RCRA. Solid waste may be "hazardous waste" pursuant to RCRA if the waste exhibits physical characteristics of corrosivity or ignitability or has chemical characteristics that cause it to be listed in federal regulations as hazardous waste. Some of the chemicals stored at Lake Road Warehouse Co. were hazardous waste pursuant to RCRA. Under RCRA, hazardous waste may not be stored for a period greater than 90 days without a permit. Lake Road Warehouse Co. stored these hazardous wastes for more than 90 days. Furthermore, Lake Road Warehouse Co. did not have a permit to store hazardous waste.

    Beginning on January 24, 2008, and continuing for an additional five days, the Environmental Services Division of EPA Region 7 conducted a compliance evaluation inspection at Lake Road Warehouse Co. During the inspection, an inventory was made of chemicals that were on the premises. The chemicals included approximately 70,000 lbs. of "hazardous waste" as described above. The hazardous waste included copper cyanide and acetyl chloride. All of the

hazardous waste identified had been in storage for greater than 90 days. Additionally, the amount of hazardous waste accumulated onsite made Lake Road Warehouse Co. a large quantity generator ("LQG") of hazardous waste. Lake Road Warehouse Co. did not have a LQG permit to store the large quantity of hazardous waste it was storing. Due to the conditions at the facility during the inspection, the EPA issued a Notice of Violation ("NOV") for failing to make a hazardous waste determination on numerous waste streams and storage of incompatible waste or products.

On March 27, 2008, the EPA issued a Unilateral Administrative Order ("UAO") for conditions at the facility which constituted an imminent and substantial endangerment to health or the environment and an actual or threatened release of hazardous substances. The UAO required Lake Road Warehouse Co. to refrain from removing or relocating the materials stored in the warehouse pending EPA approval; to immediately certify compliance with RCRA; to restrict access to areas where there had been a release within the facility; to formulate a plan for proper storage, management and disposal of all hazardous wastes including the clean up of any releases, investigating and determining any off-site migration, and the clean up of any contaminated surrounding areas.

This is not the first time Lake Road Warehouse Co. has been advised of its failure to comply with the provisions of RCRA. On January 28, 1988, a RCRA compliance evaluation was conducted of Lake Road Warehouse Co. Lake Road Warehouse Co. was advised of many violations including un-permitted storage of hazardous waste for a period exceeding 90 days; failure to comply with large quantity generator requirements; storage of hazardous wastes in leaking or damaged containers; storage of incompatible wastes in common holding areas that do not incorporate a berm, dike, wall or other device; failure to store liquid hazardous wastes in a containment structure; failure to label

and mark accumulation dates on containers of hazardous waste; and failure to complete land disposal notifications and keep manifest copies. In December of 1988, Lake Road Warehouse Co. entered into a consent agreement with the State of Missouri and agreed to pay a $10,000.00 fine for the violations.

Regarding the current violations, it should be noted that since the UAO was issued in May of 2008, all hazardous waste has been appropriately shipped off-site for disposal. Lake Road Warehouse Co. has completed all aspects of the UAO specified by the EPA as of March 22, 2010. Lake Road Warehouse Co. has spent approximately $540,000.00 to comply with the UAO to date. Contaminated areas outside the warehouse buildings have not been cleaned up.

    **4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining the defendant's guilt and appropriate sentence.

    **5. Statutory Penalties.** The defendant understands that upon its plea of guilty to Count One of the information charging the defendant with knowingly treating, storing, or disposing of hazardous waste without a permit, the maximum fine the Court may impose is the greater of $50,000 fine for each day of violation, $500,000, twice the gross pecuniary gain to the defendant from the offense, or twice the pecuniary loss suffered by a person other than the defendant from the offense. The defendant understands the Court may impose probation up to five years. The defendant further understands the Court must impose a mandatory special assessment in the amount of $400 which must be paid in full at the time of sentencing. The defendant understands the crime to which it is pleading guilty is a Class D felony.

-4-

Case 4:10-cr-00274-GAF   Document 6   Filed 10/06/10   Page 4 of 14

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

     a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. These Guidelines, however, are advisory in nature. The defendant understands the United States Sentencing Guidelines related to the sentencing of organizations do not apply to the imposition of fines for environmental crimes;

     b. the Court may impose restitution and costs of prosecution;

     c. the Court is not bound by any recommendation regarding the fine to be imposed; and

     d. the defendant may not withdraw its guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant, nor against George Hayward, for any federal criminal offenses related to knowingly treating, storing, or disposing of hazardous waste without a permit for which it has venue and which arose out of the defendant's conduct described above.

The government agrees to recommend that no fine be imposed against the defendant due to the limited financial capabilities of Lake Road Warehouse Co. and in consideration of the $540,000 already expended to comply with the UAO.

The government further agrees to recommend to the Court that no order of restitution be entered because there is no identifiable victim of the defendant's conduct and restitution is not otherwise required by any applicable federal statute.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives its right to challenge the initiation of the dismissed or additional charges against the defendant if the defendant breaches this agreement. The defendant expressly waives its right to assert a statute of limitations defense if the dismissed or additional charges are initiated against the defendant following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against the defendant following the defendant's breach of this plea agreement, the defendant will not be allowed to withdraw its guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make

any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw its plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts the defendant's plea of guilty but imposes a sentence that the defendant does not expect, like or agree with, the defendant will not be permitted to withdraw its plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature;

    b. The applicable Sentencing Guidelines section regarding restitution, remedial orders, community service, compliance programs, probation and special assessment for the offense of conviction is Chapter Eight - Sentencing of Organizations. In particular, for offenses involving the environment, U.S.S.G. § 8C2.10 is the applicable section for determining the imposition of fines;

    c. The government's agreement that it will not recommend a fine is not binding upon the Court and the Court may impose any fine authorized by law that is not unreasonable; and

d. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

e. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions made during the plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charge in the information;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that the defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until the defendant's guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against the defendant;

e. the right to compel or subpoena witnesses to appear on the defendant's behalf; and

f. the right to remain silent at trial, in which case the defendant's silence may not be used against the defendant.

The defendant understands that by pleading guilty, the defendant waives or gives up those rights and that there will be no trial. The defendant further understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense or offenses to which the defendant pleaded guilty, and if the defendant answers those questions under oath and in the

presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making a false statement.

**15. Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement the defendant waives its right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives its right to appeal the sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the defendant's sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Financial Obligations.** By entering into this plea agreement, the defendant represents that the defendant understands and agrees to the following financial obligations:

a. The Court may order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with all other uncharged related criminal activity.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which the defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to the defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $400 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of its fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that the defendant has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that it will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17. Waiver of FOIA Request.** The defendant waives all of its rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives all of its claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Compliance with the Unilateral Administrative Order RCRA-07-2008-0003.** The defendant further agrees and understands that this plea agreement does not constitute any legal defense for non compliance with the Unilateral Administrative Order.

**20. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw its plea of guilty.

The defendant also understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by the defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in

any and all criminal proceedings. The defendant waives any rights that the defendant might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**21. Defendant's Representations.** The defendant acknowledges that the defendant has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that the defendant is satisfied with the assistance of counsel, and that counsel has fully advised the defendant of its rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, the defendant's attorneys or any other party to induce the defendant to enter its plea of guilty.

**22. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**23. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors

or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Beth Phillips
United States Attorney

Dated: October 5, 2010   /s/ Roseann A. Ketchmark
Roseann A. Ketchmark
Assistant United States Attorney

Lake Road Warehouse Co. has consulted its attorney and fully understands all of its rights with respect to the offense charged in the information. Further, Lake Road Warehouse Co. has consulted with its attorney and fully understands its rights with respect to the provisions of the Sentencing Guidelines. Lake Road Warehouse Co. has read this plea agreement and carefully reviewed every part of it with its attorney. Lake Road Warehouse Co. understands this plea agreement and voluntarily agrees to it.

Lake Road Warehouse Co.; Defendant

Dated: October 5, 2010   By:   /s/ George Hayward
George Hayward in his capacity as President

I am defendant Lake Road Warehouse Co.'s attorney. I have fully explained to the defendant its rights with respect to the offense charged in the information. Further, I have reviewed with the defendant the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, Lake Road Warehouse Co.'s decision to enter into this plea agreement is an informed and voluntary one.

Dated:  October 5, 2010    /s/ Mark Thornhill
Mark Thornhill
Attorney for Defendant